UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMAL STEPHON DUNNING,

      Plaintiff,

v.

COMMUNITY CHOICE CREDIT
UNION and HOLZMAN LAW, PLLC,

      Defendants.

Case No. 25-13873
Honorable Laurie J. Michelson

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [9] AND DENYING MOTION FOR SANCTIONS [16]

Jamal Dunning says Community Choice Credit Union cancelled a debt he owed it. Nevertheless, Community Choice obtained a default judgment against him in state court and proceeded to report and collect on that debt with the help of Holzman Law. Dunning believes this was improper. So he brings this suit under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and various state law claims. In support, he attached a 1099-C form and e-mail confirmation from the IRS supposedly indicating that the debt was cancelled. Defendants question the legitimacy of these exhibits, arguing that they were, in fact, forged by Dunning. Accordingly, defendants move to dismiss all claims (ECF No. 9) and also seek sanctions for Dunning's intentional misrepresentations regarding the 1099-C form and IRS e-mail (ECF No. 16). For his part, Dunning sought to distance himself from these questionable "IRS documents" by seeking to amend the complaint to eliminate references to them. (ECF No. 17.)

At this time, and for the reasons that follow, the Court will GRANT the motion to dismiss, DENY the motion for sanctions, and defer ruling on the motion to amend pending full briefing.

### I.

The dispute arises from Dunning's apparent failure to make payments on a Ford Fusion. (ECF No. 9, PageID.75.) From there, Dunning says that Community Choice filed a 1099-C form with the IRS discharging the debt as cancelled. (ECF No. 1, PageID.2.) Despite the debt allegedly being cancelled, Dunning says that Community Choice, through its legal counsel at Holzman Law, obtained a default judgment against him in state court. (*Id.* at PageID.3.) He believes Defendants knew his debt was already canceled yet continued to seek collection and report the debt to credit reporting agencies, in violation of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and other state laws.

Defendants believe this case should be dismissed for two reasons. First, they believe the complaint asks this Court to "undermine the existing state court judgment" in violation of the *Rooker-Feldman* doctrine. (ECF No. 9, PageID.80.) And second, that it fails to state a plausible claim for relief because Community Choice never discharged the debt and Dunning's only proof, a copy of a 1099-C form and an e-mail purportedly from the IRS, does not plausibly show otherwise. (*Id.*) In fact, they allege Dunning fabricated this evidence and seek sanctions on that ground. (ECF No. 16.)

Dunning initially failed to respond to both motions. Then, four months later, he filed a motion for leave to file an amended complaint, withdrawing all allegations related to the 1099-C form. (ECF No. 17, PageID.173.) He also filed a belated response to the motion for sanctions, arguing that he did not intentionally misrepresent the 1099-C form, but merely misunderstood the "legal meaning" of "charge-off reporting, cancellation-of-debt concepts, credit reporting information . . . ." (ECF No. 18, PageID.218.) Before ruling on Dunning's request to amend his complaint, the Court will deal with Defendants' motion to dismiss the first complaint.

## A.

In deciding a motion to dismiss under Rule 12(b)(6), the Court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

However, when the plaintiff fails to respond, the court may treat the motion as unopposed. *See* E.D. Mich. LR. 7.1(c)(1). What that means in this Circuit is not entirely clear. Many cases suggest that an unopposed motion to dismiss can be summarily granted because the plaintiff has abandoned any potential arguments. *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been

3

waived."); *see also Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) ("Plaintiff has not responded to Defendant's motion to dismiss this claim, and the Court assumes he concedes this point and abandons the claim."); *Daniel v. Sec'y, Dep't of Homeland Sec.*, No. 24-561, 2025 WL 641115, at *2 (S.D. Ohio Feb. 27, 2025) ("a motion to dismiss that is unopposed may be granted on that basis alone.") But the Sixth Circuit has also suggested that a district court cannot grant a motion to dismiss for failure to state a claim on the sole ground that a plaintiff has failed to respond pursuant to a local rule. *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991).

Here, Dunning never responded to the motion to dismiss, although he recently filed a motion to amend his complaint. (ECF No. 17.) Thus, for good measure, the Court will look to the merits of the motion to determine whether Defendants have satisfied their burden *Bell v. Dollar Tree, Inc.*, No. 24-13259, 2025 WL 3252656, at *3 (E.D. Mich. Nov. 21, 2025) (examining merits of an unopposed motion to dismiss) and, given the current posture of the case, will also consider the contents of Dunning's motion seeking leave to amend.

## B.

### 1.

To start, *Rooker-Feldman* is not a basis for dismissal. This doctrine prohibits federal district courts from performing appellate review of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that "Congress ha[s] empowered only [the Supreme] Court," not district courts, "to

4

exercise appellate authority 'to reverse or modify' a state-court judgment" (quoting *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923)); *see also In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). In other words, this Court "do[es] not possess direct oversight powers over Michigan's courts." *Adkins v. Adkins*, No. 15-13823, 2015 WL 6736187, at *2 (E.D. Mich. Nov. 4, 2015) (citing *In re Cook*, 551 F.3d at 548); *see also Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) ("The *Rooker-Feldman* doctrine has evolved from two Supreme Court cases which establish that 'lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings.'") (citation omitted).

The *Rooker-Feldman* doctrine applies in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *Exxon Mobil*, 544 U.S. at 284). "If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *Larry E. Parrish. P.C. v. Bennett*, 989 F.3d 452, 456 (6th Cir. 2021). And to identify the source of the plaintiff's injury, "a court must look to the requested relief." *Id.*

It is true that Dunning asks the Court to "[d]eclare that the subject debt is cancelled and uncollectible" and to "[e]njoin Defendants from any further collection or reporting[.]" (ECF No. 1, PageID.7.) But he seeks this relief due to alleged violations of federal and state law. In other words, the injuries alleged do not stem from the state court judgment. Instead, Dunning alleges that they stem primarily

from Defendants' violations of the FDCPA and FCRA. So the Court will address whether Dunning states a plausible claim for relief.

**2.**

Dunning's entire argument rests on one assumption: that Community Choice cancelled his debt by filing a 1099-C form with the IRS. (ECF No. 1, PageID.3.) All he provides in support is a copy of a 1099-C form and an e-mail allegedly from the IRS that reads "***Congratulations!*** The IRS accepted your 1099 tax return" with no mention of the debt. (ECF No. 1, PageID.10.) Defendants argue that this does not plausibly support Dunning's claims.

For starters, Defendants maintain that Community Choice filed no such form and question whether the IRS really sent such a facially questionable confirmation e-mail to Dunning. (ECF No. 9, PageID.81.) Rather, they believe Dunning both fabricated the e-mail and the 1099-C form. (*Id.*)

But even if legitimate documents, a 1099-C filing alone does not indicate that a debt has been cancelled. (*Id.* at PageID.82); *see United States v. Reed*, No. 09-210, 2010 WL 3656001, at *2 (E.D. Tenn. Sept. 14, 2010) ("[A] Form 1099–C, as a matter of law, does not operate to legally discharge a debtor from liability on the claim that is described in the form."); *Wyley v. Synchrony Bank*, No. 22-02643, 2023 WL 12218550, at *2 (W.D. Tenn. May 5, 2023) ("The Sixth Circuit has not weighed in on this issue. But most courts that have ruled hold that, absent other evidence, the issuance of a Form 1099-C does not automatically discharge a debt.")

As for Dunning, in lieu of a response to the motion to dismiss he filed a motion for leave to amend that admits as much. He now seeks to "withdraw any allegation or implication that Defendant Community Choice Credit Union actually issued an official Form 1099-C" because these allegations were "based on a good-faith pro se misunderstanding concerning charge-off reporting, cancellation-of-debt concepts, and related credit reporting." (ECF No. 17, PageID.173.) Since every claim in his complaint is premised on Defendants' alleged discharge of the debt through the 1099-C form (ECF No. 1, PageID.2–3) that Dunning now asks the Court to disregard, the Court finds no impediment to granting the motion to dismiss the original complaint.

## II.

That does not end the inquiry, however, because Defendants ask for more than just dismissal. Defendants believe Dunning fabricated the 1099-C Form to make the exhibit appear as though Community Choice asked the IRS to cancel the debt. (ECF No. 16, PageID.149–150.) So they seek sanctions under Federal Rule of Civil Procedure 11 for what they consider to be an "intentional misrepresentation[.]" (*Id.* at PageID.142.)

Federal Rule of Civil Procedure 11(b) requires that "an attorney or unrepresented party certifies that to the best of [their] knowledge" court filings are made in good faith and have reasonable legal and factual bases. Fed. R. Civ. P. 11(b). This means that any pleading, written motion, or other paper must not be "presented for any improper purpose (e.g., to harass or cause unnecessary delay); [must] contain[n] nonfrivolous claims, defenses, or legal arguments; and [must be] based on

facts supported by evidence, or that will likely be supported by evidence after discovery." *Turn v. Leslie*, No. 21-12767, 2023 WL 9007800, at *1 (E.D. Mich. Oct. 2, 2023) (citing Fed. R. Civ. P. 11(b)). If violated, "the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). In considering sanctions, a court assesses "whether an individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997).

Defendants say Dunning violated Rule 11 because "in a poor attempt to mislead this Court and escape liability for his debt, Plaintiff has fabricated a story regarding the Form 1099-C and attached it as Exhibit A to his Complaint to support his claims." (ECF No. 16, PageID.152.) For his part, Dunning acknowledges that the forms do not say what he thought they did when he filed his complaint. (ECF No. 18, PageID.218 ("Plaintiff acknowledges that the 1099-C issue was misunderstood and has sought leave to file a First Amended Complaint to clarify and withdraw any allegation or implication that Community Choice Credit Union itself filed an official Form 1099-C . . . ."); *id.* at PageID.220 ("The proposed amendment further clarifies that any prior 1099-C allegation or exhibit should be understood as based on Plaintiff's misunderstanding and belief at the time, not as an intentional misrepresentation.").)

The Court appreciates Defendants' argument. But it is also aware that this case is basically still at the pleading stage. And it does not have a robust record from which to rule on the serious charge being leveled. Moreover, Dunning seeks to rectify

8

the matter. (*Id.* ("Because Plaintiff acted in good faith and is correcting the issue, sanctions are not warranted.").) Dismissal of the complaint therefore, in light of the mistaken allegations regarding the 1099-C form, is the appropriate sanction here. The Court also cautions Dunning that *pro se* litigants are bound by Federal Rule of Civil Procedure 11 and that any fabricated fillings may result in the imposition of sanctions.

At this time, therefore, the Court DENIES Defendants' motion for sanctions. (ECF No. 16.)

## III.

Dunning's motion for leave to amend (ECF No. 17) remains pending. Once the Court receives a response from Defendants, it will address that motion.

For the reasons above, the Court GRANTS Defendants' motion to dismiss (ECF No. 9) and DENIES their motion for sanctions (ECF No. 16.)

SO ORDERED.

Dated: June 17, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE